1 ROBERT W. FERGUSON
Attorney General
2 COLLEEN M. MELODY
PATRICIO A. MARQUEZ
3 Assistant Attorneys General
Civil Rights Unit
4 800 Fifth Avenue, Suite 2000
Seattle, WA 98104
5 206-464-7744

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HORNING BROTHERS, L.L.C., and HERMILO CRUZ, in his individual capacity and as a member of the marital community of HERMILO CRUZ and CLAUDIA SANCHEZ,<br><br>　　　　Defendants.<br><br>SOCORRO DIAZ SILVAS, ROXANA RODRIGUEZ DE ALFARO, YESICA CABRERA NAVARRO, YASMIN CABRERA NAVARRO, and SAMANTHA MENDOZA,<br><br>　　　　Plaintiffs-Intervenors,<br><br>　　v.<br><br>HORNING BROTHERS, L.L.C,<br><br>　　　　Defendant. | NO. 2:17-CV-0149-TOR<br><br>STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |

STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

This is a joint agreement between: the State of Washington; Plaintiffs-Intervenors Socorro Diaz Silvas, Roxana Rodriguez de Alfaro, Yesica Cabrera Navarro, Yasmin Cabrera Navarro, and Samantha Mendoza; Defendant Horning Brothers, L.L.C.; and Defendant Hermilo Cruz ("the parties"). The parties expect that disclosure of documents in this case may involve the exchange of confidential information, as identified herein, that is covered by the scope of Federal Rule of Civil Procedure 26(c).

Accordingly, the parties stipulate and agree to, and the Court finds good cause for, entry of this Confidentiality Agreement and Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

It is hereby ordered that:

**A. Designation of Confidential Information**

1. "Confidential Information" refers to any record, document, tangible thing, discovery response, testimony, information, or other material disclosed or to be disclosed through formal or informal discovery or otherwise in the course of this litigation that contains: physical and mental health information; personal and business financial and tax information; immigration information or status; home address, home

[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

phone number, cell phone number, or email address information; passport numbers, drivers' license numbers, resident identification numbers, social security numbers, or alien numbers; and birthdates.

2. Any party may designate any record, document, tangible thing, discovery response, testimony, information, or other material as confidential. All documents, tangible things, discovery responses, testimony information, or other materials containing confidential information pursuant to this Order shall be marked "CONFIDENTIAL." Such designation shall, without more, subject the information produced or provided under such designation to the provisions of this Confidentiality Agreement and Protective Order.

3. Counsel for any party may designate deposition testimony or part of any deposition testimony as confidential by advising the court reporter and counsel of such designation during the course of the deposition.

4. Confidential information includes all material designated confidential pursuant to the terms of this Order, as well as summaries and compilations derived from such confidential material, including but not limited to charts, tables, models, and textual summaries, to the extent

[PROPOSED] STIPULATED
CONFIDENTIALITY AGREEMENT AND
PROTECTIVE ORDER

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

that the material retains restricted information as defined by Paragraph A.1. above (i.e. "Confidential Information").

5. Inadvertent failure to designate a document as confidential may be corrected by supplemental written notice given as soon as practicable.

6. The parties must have a good-faith basis in fact and in law to designate material as confidential.

7. If any party objects to the designation of any information as confidential, that party shall confer with the party designating the information as confidential in an effort to resolve any dispute. If the parties are unable to resolve such dispute, the party designating the material as confidential may move to have the Court declare the contested information confidential.

8. If non-confidential information is contained in or otherwise derived from confidential materials, any portion that consists solely of non-confidential information shall not be confidential for purposes of this Order.

**B. Treatment of Confidential Information**

1. In any judicial proceeding in which confidential information may become part of a written submission to the Court, the party making the

[PROPOSED] STIPULATED
CONFIDENTIALITY AGREEMENTAND
PROTECTIVE ORDER

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

submission will provide reasonable notice of the submission to opposing counsel so that the parties may confer regarding removing the designation, redacting the document, or so that opposing counsel can seek, if necessary, an order from the Court protecting the confidentiality of the document—including an order that the document be redacted or filed under seal—subject to the Court's review on a document-by-document basis.

2. If confidential testimony or information is filed under seal, the entire filing or submission containing the confidential information shall be made under seal.

3. Except as provided herein, no party having access to confidential information shall make public disclosures of that material without further order of this Court. Information designated as confidential shall be held in the strictest confidence and maintained securely.

4. If a party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized by this Order, that party must immediately (1) notify the other parties in writing of the unauthorized disclosure, (2) inform the person or persons to whom unauthorized disclosures were made of all

[PROPOSED] STIPULATED
CONFIDENTIALITY AGREEMENT AND
PROTECTIVE ORDER

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

the terms of this Order, (3) use best efforts to retrieve all copies of the confidential material, and (4) request that such person execute the Acknowledgment of Confidentiality Agreement and Protective Order, appended hereto as Attachment A.

5. Upon conclusion of this case, including any appeals, all originals and copies of confidential materials, including all summaries thereof, shall be returned to the producing party's counsel or representative or destroyed, unless (1) otherwise ordered by the Court for good cause shown, (2) the return or destruction of such materials is prohibited by law, or (3) the document has been filed with the Court in unredacted form or used as an exhibit.

6. Notwithstanding anything to the contrary herein, the parties to this action shall have no obligation under this Order with respect to information that (1) is or becomes publicly available (except by unauthorized disclosure), or (2) is received from a third-party who is rightfully in possession of such information and who has the right to disclose it.

[PROPOSED] STIPULATED
CONFIDENTIALITY AGREEMENT AND
PROTECTIVE ORDER

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**C. Access to Confidential Information**

1. Access to confidential information shall be limited to individuals who must handle such information for purposes of this litigation ("qualified persons"). Individuals authorized to handle confidential information include:

    a. The Court and its officers;

    b. Court reporters, their assistants, and administrative staff;

    c. The parties and their counsel, including counsel's paralegals, administrative staff, or contractors;

    d. Any mediator or other third-party neutral used to attempt to resolve this litigation;

    e. Witnesses, potential witnesses, and their counsel to the extent necessary in preparation for or during the course of depositions, hearings, interviews, or trial in this action;

    f. Experts and consultants, including their employees and administrative staff, who are employed, retained, or otherwise consulted by counsel or any party for the purpose of providing information or opinions to assist in this litigation.

[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

2. All individuals who fall within categories C(1)(e)–(f) above who review confidential information must first execute the Acknowledgment of Confidentiality Agreement and Protective Order, appended hereto as Attachment A, stating that they will abide by the terms of this Order. Copies of all Acknowledgments of Confidentiality Agreement and Protective Order executed pursuant to this paragraph shall be kept by counsel who provided the confidential information for review. For witnesses required to be disclosed by the Federal Rules of Civil Procedure, copies of the executed Acknowledgment of Confidentiality Agreement and Protective Order shall be disclosed to opposing counsel not later than the disclosure date of the witness list for trial.

**D. Other Litigation**

1. If a party in receipt of confidential information ("receiving party") is served with a discovery request, subpoena, civil investigative demand, or an order from any court or other authority that would compel disclosure of any information or items bearing the designation "CONFIDENTIAL," the receiving party shall so notify the party that designated the material confidential ("designating party") in writing,

[PROPOSED] STIPULATED
CONFIDENTIALITY AGREEMENT AND
PROTECTIVE ORDER

7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

including a copy of the discovery request, subpoena, civil investigative demand, or order as soon as reasonably practicable.

2. The receiving party must immediately inform the party who caused the discovery request, subpoena, civil investigative demand, or order to issue in the other litigation that some or all of responsive materials is the subject of this Confidentiality Agreement and Protective Order. The receiving party must deliver a copy of this Order promptly to the party in the other action that issued the discovery request, subpoena, civil investigative demand, or order to issue.

3. If the designating party is unable to secure the voluntary withdrawal of the discovery request, subpoena, civil investigative demand, or order that would compel disclosure of any information or items designated confidential, the designating party may move for the issuance of an order to quash, strike, or modify the discovery request, subpoena, civil investigative demand, or order. The burden and expense shall be on the designating party to obtain an order staying production. In the absence of an order staying, limiting, or barring production, the Federal Rules of Civil Procedure regarding discovery remain in effect.

[PROPOSED] STIPULATED
CONFIDENTIALITY AGREEMENTAND
PROTECTIVE ORDER

8

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**E. Scope and Enforcement of Order**

1. Except as otherwise provided herein, the restrictions and obligations provided in this Order shall not terminate upon the conclusion of this lawsuit but shall continue subject to order of this Court.

2. Entering into, agreeing to, and/or complying with the terms of this Order shall not:

   a. Operate as an admission that any particular discovery material constitutes, contains, or reflects confidential matter;

   b. Operate as a requirement that any attorney produce his or her own attorney work product;

   c. Prejudice the rights of any party to object to the production of documents or information it considers non-discoverable, or to seek a Court determination whether particular discovery materials should be protected;

   d. Prejudice a party from seeking modification or rescission of this Confidentiality Agreement and Protective Order; or

   e. Limit a party's right to seek additional protective orders as may become necessary due to a change in circumstances or for other good cause shown.

3. Any party may petition the Court concerning a violation of this Order and request any available remedies, including, but not limited to, contempt proceedings.

Dated September 29, 2017.

THOMAS O. RICE
Chief United States District Judge

[PROPOSED] STIPULATED
CONFIDENTIALITY AGREEMENT AND
PROTECTIVE ORDER

10

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# ATTACHMENT A

Acknowledgment of Confidentiality Agreement and Protective Order

I, _____ [print full name], of _____ [print or type full address], declare under penalty of perjury under the laws of the State of Washington that I have read in its entirety and understand the Confidentiality Agreement and Protective Order that was issued by the U.S. District Court for the Eastern District of Washington, in *State of Washington et al. v. Horning Brothers L.L.C. et al.*, 2:17-cv-00149-TOR (E.D. Wash.).

I agree to comply with and to be bound by all the terms of this Confidentiality Agreement and Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Confidentiality Agreement and Protective Order to any person or entity except in strict compliance with the provisions of the Confidentiality Agreement and Protective Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Eastern District of Washington for the purpose of enforcing the terms of this

[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

11

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Confidentiality Agreement and Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] STIPULATED
CONFIDENTIALITY AGREEMENTAND
PROTECTIVE ORDER

12

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744