UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>              Plaintiff,<br>and<br><br>SOCORRO DIAZ SILVAS,<br>ROXANA RODRIQUEZ,<br>YESICA CABRERA NAVARRO,<br>YASMIN CABRERA NAVARRO,<br>and SAMANTHA MENDOZA,<br><br>              Plaintiffs-Intervenors,<br>    v.<br><br>HORNING BROTHERS, LLC, and<br>HERMILO CRUZ,<br><br>             Defendants. | NO. 2:17-CV-0149-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO COMPEL AND GRANTING PLAINTIFFS-INTERVENORS' MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT are Defendant Horning Brothers, LLC's Motion to Compel Production of U-Visa Documents (ECF No. 35) and Plaintiffs-Intervenors' Motion for Protective Order Regarding Discovery of U Visa and Immigration Status Information (ECF No. 39). These matters were submitted for consideration

ORDER DENYING DEFENDANT'S MOTION TO COMPEL AND GRANTING
PLAINTIFFS-INTERVENORS' MOTION FOR PROTECTIVE ORDER ~ 1

without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant's Motion to Compel Production of U-Visa Documents (ECF No. 35) is **DENIED** and Plaintiffs-Intervenors' Motion for Protective Order Regarding Discovery of U Visa and Immigration Status Information (ECF No. 39) is **GRANTED**.

## BACKGROUND

On April 25, 2017, Plaintiff State of Washington filed this action against Defendants Horning Brothers, LLC and Hermilo Cruz for violations of Title VII of the Civil Rights Act of 1964 (Title VII) and the Washington Law Against Discrimination (WLAD). ECF No. 1. This action concerns allegations of discriminatory hiring and segregated employment practices because of sex, sexual harassment, retaliation, and aiding and abetting others in violation of the WLAD. *Id.* Plaintiff asserts these claims against Horning Brothers, which operates an onion packing shed in Quincy, Washington, and its supervisor, Mr. Cruz. *Id.* at 5. Plaintiff contends that Defendants employed a policy or practice of hiring only women to sort onions, limited women to certain positions, and discriminated against women on the basis of sex, including retaliation, quid pro quo sexual harassment, and/or severe, pervasive, and unwelcome sexual conduct that gave rise to a hostile work environment. *Id.* at 5-6.

On June 15, 2017, the Court granted the Proposed Motion to Intervene for Plaintiffs-Intervenors who were employed by Horning Brothers, supervised by Mr. Cruz, and were allegedly subjected to sexual harassment, retaliation, and constructive discharge. ECF No. 10.

On April 13, 2018, Defendant Horning Brothers filed a Motion to Compel, requesting this Court require the Plaintiffs-Intervenors to produce any U visa documents. ECF No. 35. Also on April 13, 2018, Plaintiffs-Intervenors filed a Motion for Protective Order to protect them from annoyance, embarrassment, oppression, and undue burden resulting from inquiries into U visa and immigration status information. ECF No. 39. A U visa is a temporary nonimmigration status for immigrant victims who suffered substantial abuse as a result of criminal activity, possess information about that criminal activity, and have been helpful to the investigation or prosecution of that criminal activity. ECF Nos. 39 at 11; 35-1 at 2; 8 U.S.C. § 1101(a)(15)(U)(i).

## DISCUSSION

### I. Standard of Review

Under Federal Rule of Civil Procedure 26(b)(1), the scope of discovery is broad and includes "any nonprivileged matter that is relevant to any party's claim or defense …." Fed. R. Civ. P. 26(b)(1). Yet, the Court may, for good cause, issue an order limiting discovery to protect a party from "annoyance, embarrassment,

oppression, or undue burden or expense …." Fed. R. Civ. P. 26(c)(1). The burden is upon the party seeking the order to "show good cause" by demonstrating harm or prejudice that would result from the discovery. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064 (9th Cir. 2004) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002)). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id.* at 1063 (quoting *Phillips*, 307 F.3d at 1211).

Pursuant to Federal Rule of Civil Procedure 37, a party may move the Court for an order compelling disclosure or discovery responses. Fed. R. Civ. P. 37(a)(1). The motion must include certification that the moving party "in good faith conferred or attempted to confer" with opposing counsel in an effort to obtain discovery before resorting to court action. *Id.* As an initial matter, the Court finds that Defendant has met this obligation, certifying that it held a discovery conference on March 23, 2018 and the parties were unable to resolve the discovery issue. ECF No. 35 at 7.

**II.     Disputed Declarations**

    **A. Ramirez Declaration**

Plaintiffs-Intervenors move this Court to strike or not consider the Supplemental Declaration of Maria Ramirez (ECF No. 38) because it was filed in

violation of the parties Stipulated Confidentiality Agreement and Protective Order (ECF No. 29) and contains hearsay. ECF No. 42 at 6. Maria Ramirez was an employee of Defendants as a seasonal worker. ECF No. 38 at ¶ 3. Ms. Ramirez declares that she never experienced the sexual harassment allegations nor did she ever hear about such allegations when she worked in the onion shed. *Id.* Ms. Ramirez states that if she had suffered any sexual harassment, she would have no problem speaking to the owners. *Id.* at ¶ 4.

The Court finds that Ms. Ramirez's declaration is rife with hearsay and should not be considered. Ms. Ramirez's allegations of rumors in the community, comments by Plaintiffs-Intervenors, and mental capacity of those Plaintiffs-Intervenors is merely hearsay and speculation. The Court is not persuaded by Ms. Ramirez and the Defendant's attempt to introduce hearsay testimony with serious accusations of mental health and attempted fraud without any factual substantiations. The Court also does not consider Ms. Ramirez's own experience that she did not suffer any alleged sexual harassment. Plaintiffs-Intervenors do not argue that all of Defendant's employees experienced sexual harassment, simply that they specifically suffered sexual harassment. Accordingly, the Court does not consider Ms. Ramirez's declaration.

//

//

### B. Smith Declaration

Defendant argues that the Declaration of Rebecca Smith (ECF No. 40) should be stricken or disregarded as improper expert testimony. ECF No. 46 at 3. Ms. Smith is a licensed attorney in Washington and her practice involves representing low-wage and immigrant workers in employment related litigation. ECF No. 40 at ¶ 2. She asserts that many clients choose to forego valid claims due to their perception that immigration status would become an issue in litigation. *Id.* at ¶ 14. Ms. Smith argues that employers regularly engage in aggressive attempts to seek disclosure of otherwise irrelevant immigration status in litigation. *Id.* at ¶ 18.

Defendant states that the declaration is not a proper subject of expert testimony and Ms. Smith's opinions of law are inadmissible because the applicable law is within the purview of the Court. ECF No. 46 at 3-4. Defendant insists that to the extent the declaration attempts to suggest that the Plaintiffs-Intervenors and Defendants may think or act in ways similar to other parties in other cases, the declaration is irrelevant and inadmissible. *Id.* at 4. Defendant asserts that the declaration is merely an additional legal brief on agricultural employment law. *Id.*

Plaintiffs-Intervenors respond that the declaration is properly considered by the Court as a sworn declaration to facts based on personal knowledge that are illustrative of the chilling effect that will result from U visa discovery. ECF No. 47

at 9-10. Plaintiffs-Intervenors contend that Ms. Smith establishes the basis of her personal knowledge as an attorney who has represented immigration workers for over 36 years. ECF Nos. 47 at 10; 40 at ¶¶ 2-13, 16-17. Based on her direct experiences, Ms. Smith testified to her personal knowledge regarding the chilling effect of disclosing immigration status. ECF Nos. 47 at 10-11; 40 at ¶ 14. Plaintiffs-Intervenors note that Ms. Smith does not opine about the facts of this case, and they argue that her testimony illustrates their argument that immigration-related discovery would have an *in terrorem* effect on individuals outside of this litigation.

While the Court agrees that affidavits may be based on personal knowledge, the Court finds that it need not consider Ms. Smith's declaration. *See Kim v. United States*, 121 F.3d 1269, 1267-77 (9th Cir. 1997). As discussed below, the Ninth Circuit in *Rivera* outlined the chilling effect of disclosing immigration status and the personal knowledge of Ms. Smith is not needed to supplement the Ninth Circuit's previous findings. *See Rivera*, 364 F.3d at 1063-64. The Court then need not consider Ms. Smith's declaration when there is controlling case law on the chilling effect of immigration status discovery.

**III.　U Visa Disclosure**

Defendant seeks discovery of U visa information from Plaintiffs-Intervenors, not their immigration status generally. ECF Nos. 46 at 2-3; 48 at 2. Plaintiffs-

Intervenors request the Court prohibit Defendant from discovery of U visa information, arguing that discovery of immigration status has a well-established chilling effect. ECF No. 39 at 2.

The Ninth Circuit has expressed concern regarding the "chilling effect that the disclosure of plaintiffs' immigration status could have upon their ability to effectuate their rights." *Rivera*, 364 F.3d at 1064. In *Rivera*, the Ninth Circuit determined that "requiring the plaintiffs to answer such questions [regarding immigration status] in the discovery process would likely deter them, and future plaintiffs, from bringing meritorious claims." *Id.* The court emphasized that granting discovery requests for information related to immigration status involving discrimination under Title VII would cause "countless acts of illegal and reprehensible conduct … [to] go unreported." *Id.* The court noted that "[e]ven documented workers may be chilled by the type of discovery" because they "may fear that their immigration status would be changed, or that their status would reveal the immigration problems of their family or friends." *Id.* at 1065.

### A. Disputed Cases

The Ninth Circuit has not addressed the specific issue of discovery into U visa status, this Court then considers the two relevant cases discussed by the parties. *See* ECF Nos. 35 at 8-10; 39 at 6 n.1, 7 n. 2.

In *Cazorla v. Koch Foods of Mississippi, LLC*, an employer sought discovery of U visa information, alleging that the employees fabricated the allegations to obtain benefits under the U visa program. 838 F.3d 540 (5th Cir. 2016). The district court found that the employer could obtain U visa information subject to certain limiting requirements. *Id.* at 547. The Fifth Circuit vacated and remanded the case, instructing the district court to consider the chilling effect of allowing discovery of U visa information that would imperil important public purposes beyond merely the individuals in the case. *Id.* at 564.

On remand, the district court found that the circumstances of the case warranted limited U visa discovery. *Cazorla v. Koch Foods of Mississippi, LLC*, No. 310CV00135DPJFKB, 2018 WL 1405297, at *1 (S.D. Miss. Mar. 20, 2018). The district court ordered that all U visa discovery be conducted in writing with questions approved by the court, each individual's name must be substituted with an assigned number so that the responses were anonymous, and the plaintiffs' counsel was ordered to redact any factual information that would reasonably reveal a responder's identity. *Id.* Here, Plaintiffs-Intervenors emphasize that this case is distinguishable because there were 50-70 individuals, but here there are only five intervenors and anonymity would be impossible. ECF No. 42 at 10. Plaintiffs-Intervenors insist that the discovery limitations would not reduce the chilling effect or harm to Intervenors here. *Id.*

In *E.E.O.C. v. Global Horizons, Inc.*, the Eastern District of Washington found that evidence regarding T visa applications for victims of human trafficking was permissible discovery. No. CV-11-3045-EFS, 2013 WL 3940674, at *6-7 (E.D. Wash. July 31, 2013). The court reasoned that it was undisputed that all of the claimants were in the United States unlawfully so there was no undue prejudice if the defendants discover that the claimant had a T visa. *Id.* at *6. Here, Plaintiffs-Intervenors argue that this case was a unique situation because immigration status was not at issue. ECF No. 42 at 11.

This Court finds that *Global Horizons* is distinguishable because the Plaintiffs-Intervenors here do not admit information about their immigration status nor do they admit or deny the existence of U visa information. ECF No. 39 at 7 n.3. The Court also finds that *Cazorla* is not very persuasive considering that the Fifth Circuit was unable to conclude whether U visa evidence was admissible, but left the issue to the discretion of the district court. Yet, this Court finds the case instructive to show the importance of considering the chilling effect of allowing such evidence regarding immigration status. The Court agrees with Plaintiffs-Intervenors that the district court's decision on remand is not a viable solution here because providing anonymity to five Intervenors well-known to Defendants is likely impossible.

The Court finds that while *Rivera* did not consider the specific issue of U visas, it is still the controlling authority on the chilling effect of allowing discovery on immigration status and emphasizes the Ninth Circuit's preference for finding this information impermissible. *See Rivera*, 364 F.3d at 1065. The Court considers this potential chilling effect below.

**B. Jury Disclosure**

Defendant insists that it should be entitled to inform the jury of the alleged motivation of the Plaintiffs-Intervenors to fabricate or embellish their claims of sexual harassment as a compelling sources of bias. *Id.* Defendant notes that it is amendable to a protective order that addresses the Plaintiffs-Intervenors' concerns, so long as it is able to use the U visa information and accompanying sworn statements as possible impeachment evidence. ECF Nos. 46 at 5; 48 at 7. Defendant suggests that these portions of the trial could be conducted in a closed courtroom and sealed. ECF Nos. 46 at 5; 48 at 7. Defendant argues that a flat ban on their access to this relevant information or their use of it at trial would be unfair. ECF No. 46 at 5.

Plaintiffs-Intervenors respond that confidentiality agreements do not eliminate the chilling effect of U visa discovery. *See* ECF No. 47 at 7-8; *see also Rivera*, 364 F.3d at 1065 n.5. Plaintiffs-Intervenors note that Defendant's objective to present immigration information to the jury calls into question any

commitment to confidentiality. ECF No. 47 at 9. They also state that the issue of admissibility is not before the Court and should be addressed by motions in limine. *Id.* at 9 n.3. The Court agrees and does not address disclosure before the jury here, as this issue is premature.

### C. Chilling Effect of U Visa Discovery

Defendant argues that "the U-visa provides a perhaps life-or-death incentive for an applicant to fabricate or exaggerate his or her allegations in order to stave off adverse immigration consequences by alleging that the applicant has been a victim of essentially *criminal* sexual assault." ECF No. 35 at 10 (emphasis in original). While Defendant concedes that the immigration status of litigants is generally protected and not discoverable, Defendant argues that the U visa applicants here have already reported their immigration status and thus the concern of undocumented workers fearing deportation for reporting a crime is inapplicable. *Id.* at 7-8; *see Rivera*, 364 F.3d at 1063-66. Defendant emphasizes that it only seeks discovery of U visa information from those that applied for them, not their immigration status generally. ECF Nos. 46 at 2-3; 48 at 2. Defendant states that if none of the Plaintiffs-Intervenors applied for U visas, then the Defendant does not seek discovery on their immigration status which is irrelevant and undiscoverable. ECF Nos. 46 at 2-3; 48 at 2.

Plaintiffs-Intervenors emphasize that an application for a U visa includes information regarding petitioner and her family, which creates a fear of retaliation by Defendants and harm by Mr. Cruz. ECF Nos. 39 at 8; 47 at 2. Plaintiffs-Intervenors note that even though they are no longer employed by Defendant, they risk loss of employment if their immigration status became known to a current employer. ECF No. 39 at 10. Plaintiffs-Intervenors emphasize that a petitioner's sworn statement includes not only her U visa qualifications, but her immigration history. ECF No. 47 at 3.

Plaintiffs-Intervenors also argue that disclosure would conflict with public policy where Congress has shown a preference for preventing disclosure of U visa information. *See* ECF No. 39 at 11-12; *see also* 8 U.S.C. § 1367. Disclosure also undermines the public policy of Title VII and WLAD where both statutes' central purpose is to deter and eradicate discrimination. ECF Nos. 39 at 13; 47 at 4; *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415, 421 (1975); *Brown v. Scott Paper Worldwide Co.*, 143 Wash.2d 349, 360 (2001).

Plaintiffs-Intervenors reject Defendant's contention that a person who has applied for a U visa should not fear immigration consequences because she has already reported her immigration status to immigration authorities. ECF No. 47 at 3. Plaintiffs-Intervenors argue that a petitioner submits her U visa application materials to the United States Citizenship and Immigration Services (USCIS),

which has sole jurisdiction over all petitions and is not equivalent to reporting her status information to immigration enforcement officials. *Id.*; 8 C.F.R. § 214.14(c)(1). Plaintiffs-Intervenors emphasize that a pending petition for a U visa has no effect on Immigrations and Customs Enforcement's (ICE) authority to execute a removal order and does not prevent an immigrant from being detained or removed. ECF No. 47 at 3; 8 C.F.R. § 214.14(c)(1)(ii).

Plaintiffs-Intervenors assert that the lack of protection provided by a U visa application during the years of processing is so minimal as to create little motivation to exaggerate claims. ECF No. 47 at 5. They note that Congress built in protections against fraud, including assessments by law enforcement and USCIS adjudicators as to whether the petitioner has credible information about the qualifying criminal activity and meets all other statutory requirements. *Id.*; 8 C.F.R. § 214.14(b), (c)(4).

Defendant replies that the U visa application provides some immediate protection because the sponsoring prosecuting agency will usually assist its witnesses and alleged victims in any removal proceedings that are commenced. ECF No. 48 at 5. Defendant rejects Plaintiffs-Intervenors' "chilling" arguments because Defendant insists it is clear that the U visa application provides the undocumented worker with a significant practical protection from removal. *Id.* at 6-7. Defendant contends that the U visa application removes the "chill" that could

dissuade an undocumented worker from pursuing justice in the courts. *Id.* at 7. The Court notes that Defendant fails to provide any evidence or precedent for these claims.

The Court acknowledges Defendant's concern regarding possible fabrication or exaggeration, but this concern is not outweighed by the potential chilling effect of disclosing immigrations status. The Court rejects Defendant's contention that a U visa application removes the chilling effect of discovery when a petitioner is still subject to potential removal or deportation. A granted U visa may remove the chilling effect because the petitioner is then protected from deportation, but a mere application is insufficient.

The Court is persuaded that this chilling effect would harm the Plaintiffs-Intervenors here and also other future civil rights plaintiffs. The Court finds that Plaintiffs-Intervenors state plausible fears for themselves and others of possible detention, removal, criminal prosecution, and job loss if forced to disclose U visa information. *See* ECF No. 39 at 7-8. While the Court may enter a protective order that prevents disclosure to the public regarding the Plaintiffs-Intervenors' immigration status, Defendants would still be privy to this information and the Court notes Plaintiffs-Intervenors' concern regarding retaliation to themselves and their families. Considering the Ninth Circuit's preference for finding this information impermissible, the Court determines that the chilling effect, public

policy concerns, and Plaintiffs-Intervenors' fears outweigh any alleged probative value of possible exaggeration. *See Rivera*, 364 F.3d at 1065. Accordingly, the Court grants Plaintiffs-Intervenors' request for a protective order prohibiting discovery of their U visa immigration status and denies Defendant's request for an order compelling such discovery.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Horning Brothers, LLC's Motion to Compel Production of U-Visa Documents (ECF No. 35) is **DENIED**.

2. Plaintiffs-Intervenors' Motion for Protective Order Regarding Discovery of U Visa and Immigration Status Information (ECF No. 39) is **GRANTED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** May 14, 2018.



THOMAS O. RICE
Chief United States District Judge