# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>HORNING BROTHERS, L.L.C., and HERMILO CRUZ, in his individual capacity and as a member of the marital community of HERMILO CRUZ and CLAUDIA SANCHEZ,<br><br>Defendants. | CIVIL ACTION NO. 2:17-CV-0149-TOR<br><br>CONSENT DECREE |
| SOCORRO DIAZ SILVAS, ROXANA RODRIGUEZ DE ALFARO, YESICA CABRERA NAVARRO, YASMIN CABRERA NAVARRO, and SAMANTHA MENDOZA,<br><br>Plaintiffs-Intervenors,<br><br>v.<br><br>HORNING BROTHERS, L.L.C,<br><br>Defendant. | |

## I. INTRODUCTION

1. The State of Washington ("State"), by and through its undersigned attorneys, filed this action against Horning Brothers, L.L.C. ("Horning Brothers"), and Hermilo Cruz to enforce Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e–2000e-17, and the Washington Law Against Discrimination ("WLAD"), Wash. Rev. Code §§ 49.60.010–49.60.505.

2. Plaintiffs-Intervenors Socorro Diaz Silvas, Roxana Rodriguez de Alfaro, Yesica Cabrera Navarro, Yasmin Cabrera Navarro, and Samantha Mendoza intervened in this action, alleging Horning Brothers violated their rights under Title VII and the WLAD.

3. The State and Plaintiffs-Intervenors collectively allege that Horning Brothers and Hermilo Cruz (collectively "Defendants") engaged in discrimination on the basis of sex at the onion packing shed they owned and operated at 14095 West Baseline Road in Grant County, Washington.

4. Specifically, the State and Plaintiffs-Intervenors allege that Defendants violated Title VII and the WLAD from at least 2012 to the present by employing discriminatory hiring practices, subjecting female employees to sexual harassment, and retaliating against employees who complained. Such discrimination has included:

   a. Employing a policy or practice of hiring only women to sort onions on the onion packing line and limiting women to positions on the onion

1 packing line, in violation of 42 U.S.C. §§ 2000e-(2)(a)(1) and 2000e-2(a)(2); Wash. Rev. Code §§ 49.60.030(1)(a), 49.60.180(1)–(2);

b. Subjecting female employees to severe, pervasive, and unwelcome sexual harassment by Hermilo Cruz, about which Horning Brothers knew or should have known, in violation of 42 U.S.C. § 2000e-2(a)(1) and Wash. Rev. Code §§ 49.60.030(1)(a) and 49.60.180(2)–(3), including:

   i. Requests for dates and sex;

   ii. Requests for intimate photographs;

   iii. Unwelcome comments about employees' appearance or bodies, including their buttocks and breasts;

   iv. Overt, sexual gestures toward female employees;

   v. Groping or touching female employees without their permission, including on their arms, back, thighs, hips, buttocks, and breasts; giving unwanted hugs and kisses; and rubbing his groin or other body parts against them; and

   vi. Requiring or attempting to require that employees have sex with him in order to secure continued employment;

c. Constructively discharging employees, in violation of 42 U.S.C. § 2000e-2(a) and Wash. Rev. Code §§ 49.60.030 and 49.60.180;

d. Taking adverse employment actions against employees who rejected Hermilo Cruz's advances or complained to others, including the owners

and/or managers of Horning Brothers, about Hermilo Cruz's behavior, in violation of 42 U.S.C. § 2000e-3(a) and Wash. Rev. Code § 49.60.210(1); and

  e. Aiding, abetting, encouraging, or inciting the commission of an unfair employment practice, or attempting to obstruct or prevent compliance with non-discrimination laws, in violation of Wash. Rev. Code § 49.60.220.

4. Defendants deny all of the State's and the Plaintiffs-Intervenors' allegations above and nothing in this Consent Decree shall be construed as an admission that Defendants have engaged in any of the alleged conduct or any illegal employment practices of any kind. Defendants have agreed to the terms of this Consent Decree solely to resolve this litigation, and the Consent Decree itself shall not constitute evidence that Defendants have engaged in any illegal employment practices in any subsequent legal proceeding.

5. The Court found that Defendant Horning Brothers' sexual harassment reporting procedures were inadequate to satisfy the requirements of an *Ellerth/Faragher* affirmative defense.

6. The parties agree that this Court has jurisdiction over the parties and the subject matter of the claims alleged, and that by their signatures below they consent to the entry of this Consent Decree.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED:

# I. GENERAL INJUNCTION

7. The injunctive provisions of this Consent Decree shall apply to Defendants and their successors, assigns, transferees, officers, agents, servants, employees, representatives, and all other persons in active concert or participation with Defendants.

8. Defendants shall be permanently enjoined and restrained from engaging in the following acts or practices:

   a. Failing to hire, refusing to hire, or discharging workers because of sex;
   
   b. Limiting, segregating, or classifying employees or applicants for employment based on sex in a way that tends to deprive individuals of employment opportunities;
   
   c. Discriminating in the compensation, terms, conditions, or privileges of employment on the basis of sex, including through sexual harassment;
   
   d. Discriminating against employees for opposing unlawful or discriminatory employment practices;
   
   e. Aiding, abetting, encouraging, or inciting an unfair employment practice, or attempting to obstruct or prevent any person from complying with nondiscrimination laws.

## II. INJUNCTION RELATING TO DEFENDANT HERMILO CRUZ

9. Defendant Hermilo Cruz is hereby permanently enjoined from having any supervisory authority for Horning Brothers. Defendant Cruz shall have no responsibility or authority to supervise other employees or to take tangible employment actions regarding any other Horning Brothers employees, including but not limited to hiring, firing, promoting, assigning work responsibilities, or making decisions causing a significant change in benefits for employees of Horning Brothers.

## III. NONDISCRIMINATION AND ANTI-RETALIATION POLICY

10. Within thirty (30) calendar days after entering into this consent decree, Horning Brothers shall adopt a revised Nondiscrimination and Anti-Retaliation Policy ("Nondiscrimination Policy") covering all of their employees. The Nondiscrimination Policy will contain the reporting and investigative procedures described below, and will be approved in advance by the Office of the Attorney General. Horning Brothers will make the Nondiscrimination Policy available in English and Spanish.

11. Within thirty (30) calendar days following its adoption, Horning Brothers shall distribute a copy of this Consent Decree and the Nondiscrimination Policy to all principals, directors, managers, executives, officers, and employees who have responsibility for hiring, firing, assigning work, determining compensation or benefits, or who otherwise have a supervisory role at Horning Brothers ("principals and supervisors"). Horning Brothers shall secure a signed

statement from each such principal or supervisor acknowledging that he or she has received and read the Consent Decree and Nondiscrimination Policy, has had the opportunity to have questions about the Consent Decree and Nondiscrimination Policy answered, and agrees to abide by the relevant provisions of the Consent Decree and Nondiscrimination Policy. This statement shall be in the form of Appendix A attached hereto. Horning Brothers shall submit signed copies of Appendix A to the Office of the Attorney General within fourteen (14) days of such person's signing of Appendix A.

12. During the term of this Consent Decree, any new principal or supervisor at Horning Brothers shall be given a copy of this Consent Decree and the Nondiscrimination Policy within thirty (30) days of assuming such role. Horning Brothers shall secure a statement in the form of Appendix A from each such principal or supervisor and submit it to the Office of the Attorney General within fourteen (14) days of such person's signing of Appendix A.

13. Within thirty (30) calendar days following its adoption, Horning Brothers shall distribute a copy of the English and Spanish versions of the Nondiscrimination Policy to every current employee. The English and Spanish versions of the Nondiscrimination Policy shall also be distributed to every new or seasonal employee when they begin work with Horning Brothers, and shall be posted in any common areas accessible by employees and in location(s) designed to maximize employees' ability to locate and review it, including in the office, the area near the time clock, and any lunch or break room(s).

## IV. COMPLAINT PROCEDURES

14. Horning Brothers shall implement employee complaint procedures for reporting harassment, discrimination, and retaliation within thirty (30) calendar days after entering into this Consent Decree. The procedures shall: 1) provide clear instructions to employees about where and how to make a complaint in writing, by phone, or in person, including providing names, locations, addresses, and phone numbers, and allowing for complaints to be made to supervisory employees; 2) allow complaints to be submitted verbally or in writing in the primary language of the employee, and for verbal complaints Horning Brothers may request that the complaint be reduced to writing, including by offering the complainant assistance to document the complaint; 3) require Horning Brothers to offer to provide interpretation for the complaining employee by a neutral and qualified interpreter or translator, and do so if the employee so requests; 4) provide a method for employees to make anonymous complaints of discrimination or harassment via voicemail or written complaint; and 5) require that all persons receiving complaints of discrimination, harassment, or retaliation must report such complaint to designated Horning Brothers management immediately. The procedures shall also include a statement from Horning Brothers owners and/or management encouraging employees to come forward with complaints of discrimination and harassment and reiterating the prohibition against retaliation.

## V. INVESTIGATIVE PROCEDURES

15. Within thirty (30) days of entering into this Consent Decree, Horning Brothers shall implement investigative procedures to ensure proper investigations of complaints of discrimination, harassment, and retaliation. The procedures shall, at a minimum, include requirements that: 1) Horning Brothers will begin the investigation of a complaint of discrimination, harassment, or retaliation within five (5) business days after the receipt of the complaint; 2) Horning Brothers will take immediate steps to protect the complainant from ongoing discrimination, harassment, or retaliation during the pendency of the investigation; 3) all investigations shall be undertaken by a person who has received training on conducting investigations of discrimination; 4) interviews of the complainant, witnesses, and alleged harasser shall take place in private and individually; 5) Horning Brothers will provide interpretation as necessary for all interviews by a neutral and qualified interpreter; 6) the identity of the complainant, witnesses, and facts of the harassment will be kept confidential to the extent possible; 7) the alleged harasser will be instructed that he or she must refrain from any action that might dissuade a potential witness from cooperating with any investigation; 8) the complainant and witnesses will not suffer retaliatory actions by Horning Brothers, including but not limited to termination or reduction in pay or hours; and 9) Horning Brothers will take appropriate disciplinary action against any employee found to have engaged in discrimination, harassment, or retaliation.

## VI. TRAINING

16. During the duration of this Consent Decree, Horning Brothers shall provide annual trainings to all its principals and supervisors regarding their obligations under Title VII and the WLAD. The first training shall take place by March 30, 2019.

17. The trainings shall be conducted by an independent, qualified third party, approved in advance by the Office of the Attorney General. The purpose of the training will be to educate principals and supervisors on the definition of discrimination, including sexual harassment and retaliation, examples of conduct which constitute such discrimination, appropriate responses to complaints of discrimination, and the rights and responsibilities of principals, supervisors, and employees when a complaint of discrimination is made. Horning Brothers shall bear any expenses associated with these trainings.

18. Horning Brothers shall obtain certificates confirming the attendance of each principal and supervisor who receives annual training pursuant to this Consent Decree, including the date, name of the course, length of the course, name of the instructor, and the name of the individual who completed the course. Copies of these certificates shall be submitted to the Office of the Attorney General within fourteen (14) days of the completion of each course.

19. During the duration of this Consent Decree, Horning Brothers shall provide training to all employees about the prohibition of workplace harassment, the terms of the Nondiscrimination Policy, and the process for reporting

discrimination, harassment, or retaliation at work. The employee training required by this paragraph shall occur at the beginning of each season during which Horning Brothers hires new seasonal employees, and annually for non-seasonal employees. An outline of the training required by this paragraph will be approved in advance by the Office of the Attorney General.

## VII. REPORTING AND RECORDKEEPING

20. Defendant Horning Brothers shall furnish to the Office of the Attorney General the following written reports semi-annually during the period in which this Consent Decree is effective. The first semi-annual report shall be due six (6) months after entry of this Consent Decree. Subsequent semi-annual reports shall be due six (6) months thereafter. Each semi-annual report shall identify and describe any written or oral complaint made against Defendants or their agents in the previous six (6) month period, involving allegations of discrimination, harassment, or retaliation prohibited by Title VII or the WLAD.

21. The semi-annual reports shall include for each complaint submitted: (a) the name, address, and telephone number of the complainant, (b) the date of the complaint or report, (c) the job title of the complainant, (d) a written description of what was alleged in the complaint or report of discrimination; (e) a written description of the resolution or outcome of the complaint or report of discrimination, including a description of what actions, if any, Defendant took; (f) the current employment status of the employee making the complaint; and (g) a copy of the complaint or report of discrimination.

## IX. PAYMENT

22. Defendants shall transfer $525,000.00 in settlement funds to the Office of the Attorney General. Defendants shall transfer $275,000.00 by November 15, 2018. Defendants shall transfer the remaining $250,000.00 on or before January 31, 2019. These settlement funds shall be used for monetary damages to compensate persons aggrieved by Defendants' alleged conduct, for recovery of fees and costs incurred by counsel for the State and Plaintiffs-Intervenors in prosecuting this action, or for any lawful purpose in the discharge of the Attorney General's duties or as required by the interests of justice.

23. The payments shall be made by a valid check, made payable to the "Attorney General—State of Washington," and shall be delivered to the Office of the Attorney General, Attention: Patricio Marquez, Civil Rights Unit, 800 Fifth Avenue, Suite 2000, Seattle, Washington 98104-3188.

24. The Office of the Attorney General shall use the settlement funds to effect a global monetary resolution of this action, in amounts to be determined jointly by, and at the sole discretion of, the State and Plaintiffs-Intervenors.

## X. DURATION AND MODIFICATION

25. This Consent Decree shall be in effect for a period of three (3) years from the date of its entry. The Court shall retain jurisdiction for the duration of this Consent Decree to enforce its terms, after which time the case shall be dismissed with prejudice.

26. Any time limits for performance imposed by this Consent Decree may be extended by mutual written agreement of the parties. The other provisions of this Consent Decree may be modified by written agreement of the parties or by motion to the Court. If the modification is by written agreement of the parties, such modification will be effective upon filing of the written agreement with the Court and shall remain in effect for the duration of the Consent Decree or until such time as the Court indicates through written order that it has not approved the modification.

27. The State or Plaintiffs-Intervenors may move the Court to extend the duration of the Consent Decree in the event of noncompliance or if the moving party believes the interests of justice so require.

## XI. COMPLIANCE AND ENFORCEMENT

28. In order to assure compliance with the terms of this Consent Decree, the State shall be permitted to interview Defendants and their agents, to propound written discovery on Defendants, and to enforce this Consent Decree through any other lawful means. These interviews must take place in Quincy, Washington at a time that is approved by Horning Brothers.

## XII. ADDITIONAL PROVISIONS

29. This Consent Decree shall be binding upon and inure to the benefit of Defendants' successors and assigns. Defendants and their successors and assigns shall notify the Office of the Attorney General at least thirty (30) days prior to any change in control that would change the identity of the corporate

1 entity or individual(s) responsible for compliance obligations arising under this Consent Decree, including but not limited to dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation or other business entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this order.

30. Nothing in this Consent Decree shall be construed to limit or bar any other person or entity not a party to this litigation from pursuing available legal remedies against Defendants.

31. The parties agree that, as of the date of the entry of this Consent Decree, litigation is not reasonably foreseeable concerning the matters above. To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described above, the party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves either party of any other obligation imposed by this Consent Decree.

32. All communications related to this Consent Decree shall be directed to: Civil Rights Unit Chief, Office of the Washington State Attorney General, 800 Fifth Avenue, Suite 2000, Seattle, WA 98014.

Dated this 26th day of October, 2018.

_Thomas O. Rice_
Thomas O. Rice
Chief United States District Judge

Presented by:

ROBERT W. FERGUSON
Attorney General

*/s/ Patricio A. Marquez*
COLLEEN M. MELODY, WSBA #42275
PATRICIO A. MARQUEZ, WSBA #47693
Assistant Attorneys General
Civil Rights Unit
Attorney General of Washington
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
ColleenM1@atg.wa.gov
PatricioM@atg.wa.gov
Attorneys for Plaintiff State of Washington


Agreed to and approved for entry by:


*/s/ Alyson Dimmit Gnam*
ALYSON DIMMITT GNAM, WSBA #48143
MARIA D. VELAZQUEZ, WSBA #46921
BLANCA RODRIGUEZ, WSBA #27745
Northwest Justice Project
300 Okanogan Avenue, Suite 3A
Wenatchee, WA 98801
(509) 664-5101
alysond@nwjustice.org
lolav@nwjustice.org
blancar@nwjustice.org
Attorneys for Plaintiffs-Intervenors

*/s/ William R. Spurr*
WILLIAM R. SPURR, WSBA #20064
Law Office of William R. Spurr
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
(206) 682-2692
Bill@williamrspurr.com
Attorney for Defendant Horning Brothers, L.L.C.

*/s/ Brook L. Cunningham*
BROOK L. CUNNINGHAM, WSBA #39270
Randall Danskin, P.S.
601 W. Riverside Avenue, Suite 1500
Spokane, WA 99201
(509) 747-2052
blc@randalldanskin.com
Attorney for Defendant Hermilo Cruz

# APPENDIX A

# EMPLOYEE ACKNOWLEDGMENT

I acknowledge that on _____ (date), I was provided copies of the Consent Decree and Nondiscrimination Policy entered by the Court in <u>State et al. v. Horning Brothers L.L.C. et al.</u>, No. 2:17-cv-00149-TOR (U.S. District Court for the Eastern District of Washington). I have read and understand these documents and have had my questions about these documents answered. I understand my legal responsibilities and will comply with them.

_____
Signature and Date

_____
Print Name

_____
Job Title

_____
Home Address

_____
Home Address Continued

_____
Home Telephone Number